**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 16 C 6396 |
| | ) (Criminal Case No. 07 CR 415) |
| **TERRY JONES**, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Terry Jones ("Jones") is among the myriad federal prisoners across the country who are seeking to invalidate their sentences as Armed Career Criminals[1] by filing motions under 28 U.S.C. 2255[2] that seek to call to their aid the retroactively applied decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Although Jones' conviction and sentencing took place many years ago, his Section 2255 effort is within the one-year limitations period prescribed by Section 2255(f)(3) because that period runs from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

---

[1] All citations to the Armed Career Criminal Act (the "Act") will take the simple form "Section --," omitting the prefatory "18 U.S.C. §."

[2] All citations to that and other sections of Title 28 will also simply take the form "Section --." That twofold use of the "Section" abbreviation should create no confusion, for references to the Act are in the 900 series of Title 18, while references to the Title 28 provisions are in its 2200 series.

Jones is fortunate to have the able assistance of William Theis, a highly qualified and experienced member of the panel of this District Court's excellent Federal Defender Program, [3] and his Federal Defender Program colleague W. Todd Watson to advance Jones' position.

To take Jones out of the Armed Career Criminal category so that he is no longer subject to the mandatory minimum 15-year sentence prescribed by the Act, his counsel has the task of taking one of the three required predicate offenses for that purpose -- in this instance, his Illinois conviction on an armed robbery charge -- out of the running for federal purposes. In that respect Section 924(e)(2)(B) defines what constitutes a "violent felony" that can qualify for purposes of Section 924(e)(1)'s sentencing enhancement provision. That definition reads in relevant part:

> As used in this subsection --
>
> \* \* \*
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . . .

And on that score the Illinois robbery statute (720 ILCS 5/18-1(a)) reads:

---

[3] Attorney Theis very recently played a similar role in successfully advancing the same type of Section 2255 effort by another federal prisoner, Vito Barbosa, in a case that was also assigned to this Court's calendar (Civil Case No. 16 C 9289, with Barbosa's old Criminal Case No. being 04 CR 609), to eliminate a mandatory 15-year sentence as an Armed Career Criminal. That effort invoked the Supreme Court's opinion in Mathis v. United States, 136 S. Ct. 2243 (2016) to take the Act out of play. As a result of that effort, this Court vacated Barbosa's original sentence and replaced it with a mandatory 10 year maximum sentence. With Barbosa already having served more than that time in prison, this Court ordered his immediate release by a November 17 judgment order, and the Bureau of Prisons implemented the release order that same day.

> A person commits robbery when he or she takes property . . . from the person or presence of another by the use of force or by threatening the imminent use of force.

Just a bit over a quarter century ago our Court of Appeals dealt with the then-existing identical definition of robbery under Illinois law (then codified at Ill. Rev. Stat. ch. 38, § 18-1(a)) in <u>United States v. Dickerson</u>, 901 F.2d 579, 584 (7th Cir. 1990), holding that Illinois robbery is indeed a crime of violence for purposes of Section 924(e)(2)(B). So Jones' counsel have forthrightly acknowledged in their November 21 Reply on his behalf that they must establish that <u>Johnson</u> has overturned that result.

But in that regard counsel face the analytical problem that the Supreme Court's <u>Johnson</u> holding focused on the "residual clause" of the Act's Section 924(e)(2)(B)(ii) as unconstitutionally vague. But in doing so <u>Johnson</u>, 135 S. Ct. at 2563 concluded by stating expressly (emphasis added):

> <u>Today's decision does not call into question</u> application of the Act to the four enumerated offenses, or <u>the remainder of the Act's definition of a violent felony</u>.

So Jones and his counsel must confront the extraordinarily difficult problem of extending the <u>Johnson</u> analysis and its holding into an area that the Supreme Court has itself unambiguously declined to enter. What Jones' current Reply attempts in that respect is again forthright: It points to decisions from five other circuits -- <u>United States v. Castro-Vasquez</u>, 802 F.3d 28, 37-38 (1st Cir. 2015), <u>United States v. Jones</u>, 2016 WL 3923838, at *5 (2d Cir. July 21, 2016),[4] <u>United States v. Gardner</u>, 823 F.3d 793, 801-04 (4th Cir. 2016), <u>United States v. Bell</u>, 2016 WL 6311084, at *1-3 (Oct. 28, 2016) and <u>United States v. Parnell</u>, 818 F.3d 974, 979-81

---

[4] That Second Circuit opinion, originally published at 830 F.3d 142, has been withdrawn -- the Westlaw citation provided by attorney Theis simply reflects the withdrawal, with another citation, 2016 WL 5791619, setting out the order vacating the original decision.

(9th Cir. 2016) -- as assertedly calling for our Court of Appeals, and hence this District Court, to expand the area occupied by Johnson's invalidation of the "residual clause" of the Act well beyond the borders of that decision, reaching into the area that the Johnson decision deliberately left untouched.

But all those decisions from other circuits are entirely beside the mark. Each of them focuses on the modest degree of physical contact that various jurisdictions have found sufficient to support a robbery conviction that calls for a finding of "violent crime" -- what we are taught in law school was the Latin concept of "molliter manus imposuit" (the gentle laying on of hands) that was employed to qualify a use of force as reasonable, for example when it was necessary to keep the peace (see Black's Law Dictionary at 1026 (8th ed. 2004)).

But by total contrast, what is at issue here is the direct match between the elements of the Illinois statute that was the basis of Jones' challenged conviction -- an armed robbery, 720 ILCS 5/18-1(a) -- and the elements of the provision of the Act (Section 924(e)(2)(B)(i)) that has been left unimpaired by Johnson. Once again, here is the relevant part of the Illinois robbery statute that sets out the key elements of Illinois robbery (with emphasis added):

> A person commits robbery when he or she takes property . . . from the person or presence of another by the use of force <u>or by threating the imminent use of force</u>.

And here once more is the matching, relevant and untouched elements provision of the federal statute (also with emphasis added):

> The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use <u>or threatened use of physical force against the person of another</u>.

That current version of the Illinois robbery statute passed muster for Act purposes a bit over a quarter century ago when the then-existing antecedent was 38 Ill. Comp. Stat. Ann. § 18-1 read (emphasis again added):

> A person commits robbery when he takes property from the person or presence of another by the use of force <u>or by threatening the imminent use of force</u>.

What <u>Dickerson</u>, 901 F.2d at 584 then said, and what continues to control today, is that the Illinois statute "in its own terms includes the elements of either 'use of force or . . . threatening the imminent use of force'." Although Jones' able counsel has sought to emulate the alchemists of the Middle Ages by transmuting what for present purposes is the base metal of the other cases on which Jones seeks to rely into the golden metal of a <u>Johnson</u>-driven result, that simply won't work.

Indeed, the very distinction made here was the subject of an opinion handed down by our Court of Appeals just four weeks ago in <u>United States v. Armour</u>, 2016 WL 6440383 at *4 (7th Cir. Nov. 1, 2016). Because the analysis there impacts so directly on what is at issue here, this Court would not presume to paraphrase (let alone try to improve on) what the court said there -- instead it quotes at length from <u>Armour</u> (with numerous citations and internal quotation marks omitted):

> Armour bases his challenge on the fact that a person can commit robbery by "intimidation," as distinct from "by force or violence," and he argues that robbery by "intimidation" does not qualify as a crime of violence. We disagree. In applying the categorical approach to the elements of § 2113(a) and (d), we must presume the conviction rested on the least serious acts that could satisfy the statute. Intimidation exists "when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." "A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." The intimidation element is satisfied "if an ordinary person would reasonably feel threatened under the circumstances." . . . The defendant "does not

- 5 -

have to make an explicit threat or even announce that he is there to rob the bank. Credibly implying that a refusal to comply with a demand for money will be met with more forceful measures is enough."

There is nothing special about armed bank robbery to separate it from other armed robberies in that respect. With the regrettable escalation of violent gun crimes in today's society, <u>any</u> ordinary person would reasonably feel threatened by the potential use of force implicit in an armed robbery, whether what is sought by the armed criminal are bank funds or property belonging to the victim.

In sum, Jones' Section 2255 motion must be and is denied, and this action is dismissed. And as called for by Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court has considered the issuance or denial of a certificate of appealability, and it denies such a certificate. As Rule 11(a) provides, Jones may not appeal the denial but is free to seek a certificate from our Court of Appeals under Fed. R. App. P. 22, for that court of course has the final word as to whether <u>Johnson</u> should be extended in the manner sought for by Jones' counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2016