**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 16 C 6396 |
| | ) | (Criminal Case No. 07 CR 415) |
| **TERRY JONES**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court's November 29, 2016 memorandum opinion and order (the "Opinion") denied the 28 U.S.C. 2255 ("Section 2255") motion filed by Terry Jones ("Jones"), aided by able members of the panel of this District Court's excellent Federal Defender Program, in which he sought to invalidate his sentence under the Armed Career Criminal Act (the "Act") by calling into play the retroactively applied decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Because Jones has since filed a pro se "Motion To Alter or Amend Judgment" challenging the Opinion, this memorandum order is issued to dispel the misunderstanding that Jones' current submission reflects.

To that end it is unnecessary to reiterate the careful and detailed analysis set out in the Opinion, which concluded that Jones' criminal record at the time of his conviction and sentencing in the criminal case referred to in the caption included three predicate offenses -- two "violent felonies" and a serious drug offense -- that placed Jones in the Armed Career Criminal category, rendering him subject to the mandatory minimum 15 year sentence prescribed by the Act. Where Jones goes astray in his current submission is in looking at the view that was

expressed by the United States Probation Officer assigned to his case in preparing her presentence investigation report. What controls instead, of course, is the legal analysis of Jones' criminal record, a subject for determination by a federal judge (or by federal judges in the event of an appeal) and <u>not</u> by a probation officer engaged in expressing a view as to the applicable sentencing guidelines.

As the Opinion at pages 3 through 6 reflects, Jones' situation does not implicate the "residual clause" of the Act's Section 924(e)(2)(B)(ii), which was addressed in <u>Johnson</u>. And in that respect the Opinion called into play and quoted at length from our Court of Appeals' opinion in <u>United States v. Armour,</u> 2016 WL 6440383 at *4 (7th Cir. Nov. 1, 2016).

In short, Jones' current motion is denied. This Court adheres to the analysis and conclusion set out in the Opinion.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: January 10, 2017